Opinion issued August 30, 2002








 





In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00131-CR






GEORGE RALPH BENARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 803301






O P I N I O N


 A jury convicted appellant, George Ralph Benard, of delivery of cocaine and
assessed punishment of 10 years community supervision and a $10,000 fine. 
Appellant argues (1) the trial court erred by allowing several unadjudicated
extraneous offenses into evidence at the punishment phase and (2) his counsel was
ineffective for failing to object to these extraneous offenses on lack of notice grounds. 
We affirm.

Background

 Prior to the trial, the State notified appellant that it intended to use two prior
convictions and "any other admissible extraneous offenses" to impeach appellant's
testimony. At the punishment phase, the State admitted evidence of the two prior
convictions--possession of codeine, a controlled substance, and driving with a
suspended license--and rested. Appellant and his mother testified for the defense. 
On cross-examination, the State attempted to question both about several pending
charges against appellant. 

Appellant's mother was questioned about an incident that resulted in
appellant's arrest for possession of codeine and unlawful possession of a handgun. 
Appellant objected on the grounds that the State would not "have any evidence as to
an arrest" and was overruled. The State later attempted to question the mother about
appellant's arrest for allegedly assaulting his former girlfriend. Appellant objected
to the questioning on the ground that the State lacked proof of the event, and the court
ruled that the mother could not be asked about this incident.

 Appellant was questioned on cross-examination about the pending charges of
possession of codeine and unlawfully carrying a weapon. Appellant's counsel
objected on relevancy grounds and was overruled. The State also asked if appellant
had assaulted his former girlfriend. Appellant's counsel objected, stating that there
was "no evidence that he assaulted anyone on that day," but was overruled. 
Appellant then denied assaulting the woman. Finally, appellant was questioned about
an uncharged act of criminal mischief. Appellant objected and the question was
withdrawn before a ruling was made. 

 The jury charge included an instruction that extraneous offenses must be
proven beyond a reasonable doubt, and a definition of "reasonable doubt" was
included in the charge. During its closing argument, the State admitted to the jury
that it had not proven the extraneous acts beyond a reasonable doubt. Appellant
requested community supervision, while the State recommended a sentence of 25 to
30 years in prison. The jury assessed 10 years community supervision and a $10,000
fine.

Admission of Extraneous Offenses

 In his first issue for review, appellant contends the trial court erred when it 
allowed the State to cross-examine him regarding his pending charges for possessing
codeine, unlawfully carrying a weapon, and assaulting his former girlfriend. 
Appellant argues that the trial court erred because the State failed to meet its initial
burden for the admission of these three extraneous acts. 

 During the punishment phase, "evidence may be offered . . . as to any matter
the court deems relevant to sentencing, including . . . evidence of an extraneous crime
or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted of the
crime or act." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.
2002) (emphasis added). The trial court has the responsibility of determining the
threshold admissibility of extraneous offenses in the punishment stage. Mitchell v.
State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality op.). The jury, as the 
exclusive judge of the facts, is to determine whether the State proved the extraneous
offenses beyond a reasonable doubt. Id. We review the admission of extraneous
offense evidence during the punishment phase of a trial under an abuse of discretion
standard. Id. at 953 (citing Saenz v. State, 843 S.W.2d 24, 26 (Tex. Crim. App.
1992)).

 The Court of Criminal Appeals has not clarified the standard to be used by the
trial court in making its threshold admissibility decision. See Mitchell, 931 S.W.2d
at 954-57 (concurring opinions of Clinton and Myers). We need not address that
issue here though because any error made by the court in this instance was harmless. 
The reasonable doubt standard of article 37.07 is neither constitutionally required nor
based on a constitutional mandate. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim.
App. 1999). Thus, assuming without deciding that error was present, we examine it
under the non-constitutional standard. Tex. R. App. P. 44.2(b). 

 If the error does not affect substantial rights, we must disregard it. Tex. R.
App. P. 44.2(b). A substantial right is affected when the error has a substantial and
injurious effect or influence in determining the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not reverse a criminal conviction
if, after examining the record as a whole, we have "fair assurance that the error did
not influence the jury, or had but a slight effect." Johnson v. State, 967 S.W.2d 410,
417 (Tex. Crim. App. 1998). 

 The jury charge instructed the jury to consider extraneous acts only if they were
proven beyond a reasonable doubt, and the State conceded in its closing argument
that it had failed to prove any extraneous acts except the two prior convictions. We
generally presume that the jury followed the instructions in the jury charge. Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). Combining this unrebutted
presumption with the court's instruction to ignore unproven extraneous acts and the
State's concession that it had failed to prove the pending charges, we conclude that
any influence on the jury's sentencing decision was, at the most, very slight. See
Johnson, 967 S.W.2d at 417. The sentence itself also supports this conclusion. The
State asked for 25 to 30 years in prison, and the appellant sought community
supervision. The jury assessed punishment at 10 years community supervision and
a $10,000 fine.

 We overrule appellant's first issue. 

Ineffective Assistance of Counsel

 In his second issue for review, appellant contends that his counsel was
ineffective. He argues that the State's notice of intent to introduce unadjudicated
offenses, filed under article 37.07§3(g), did not list the pending charges, and the
failure of his counsel to object on lack of notice grounds constituted ineffective
assistance. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2002).

 We apply the usual standard of review, requiring appellant to show both
deficient performance by counsel and prejudice to his defense. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999). The Strickland standard applies to both
the guilt/innocence and punishment phases of trial. Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999). There is a strong presumption that the counsel's
conduct was reasonable. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. A claim of
ineffective assistance of counsel must be firmly founded in the record. Thompson,
9 S.W.3d at 813.

 Counsel objected to the admission of the extraneous acts on relevancy and
insufficient proof grounds. Appellant's claim here is solely based on counsel's
failure to object on lack of notice grounds. Even assuming this was a tactical error
by counsel, an isolated error will not generally constitute ineffective assistance of
counsel. Collins v. State, 2 S.W.3d 432, 437 (Tex. App.--Houston [1st Dist.] 1999,
pet. ref'd).

 The record is silent on whether counsel failed to object as part of a trial
strategy, and no hearing was held to determine counsel's reason for not objecting. 
We will not speculate on counsel's trial strategy. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). We note, however, that counsel argued for
community supervision and this punishment was assessed by the jury. Thus, the
results of the punishment phase weigh against a finding of ineffective assistance of
counsel. We conclude appellant has not overcome the strong presumption that his
counsel acted within the range of effective assistance. 

 We overrule appellant's second issue.

 We affirm the judgment.





 Michael Schneider

 Chief Justice


Panel consists of Chief Justices Schneider and Justices Jennings and Wilson. (1)

Do not publish. Tex. R. App. P. 47.


1.