COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-00-171-CR
 
DEVIN BURNETT           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM THE 211
TH DISTRICT COURT OF DENTON
COUNTY
------------
OPINION
ON REMAND
------------
Appellant Devin Burnett appeals his
conviction for delivery of a controlled substance. In four points, he complains
that (1) the trial court's failure to admonish him of the range of punishment
and possible immigration consequences caused him to enter an open guilty plea in
violation of his due process rights, and (2) the trial court erred in failing to
instruct the jury on the State's burden to prove extraneous offenses and bad
acts beyond a reasonable doubt. We affirm.
Background
On April 10, 2000, appellant
indicated to the trial court that he wanted to plead guilty to the offense of
possession of a controlled substance as alleged in the indictment and
"true" to an enhancement paragraph alleging a prior felony conviction
for burglary of a habitation. The record shows that appellant was aware of a
plea offer of twelve years' confinement, but he had refused the offer. The trial
court explained to appellant his right to a jury trial on guilt/innocence and
the rights he would be giving up by pleading guilty, but the trial court did not
admonish appellant on the range of punishment or the possible immigration
consequences as required under Texas Code of Criminal Procedure article 26.13.
Tex. Code Crim. Proc. Ann. art. 26.13 (a)(1), (4) (Vernon Supp. 2003).
After appellant's plea, the trial
court impaneled a jury to assess his punishment. The jury sentenced appellant to
eighty-five years' confinement with a $10,000 fine.
In his third point, appellant
complains that the trial court erred in failing to admonish him in accordance
with article 26.13. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 &
Supp. 2003). In our original disposition of this appeal, we addressed
appellant's 26.13 argument, reversed his conviction, and remanded for a new
trial. Burnett v. State, No. 02-00-00171-CR, slip op. at 4 (Tex.
App.--Fort Worth March 15, 2001) (not designated for publication), rev'd,
88 S.W.3d 633, 635 (Tex. Crim. App. 2002). The Texas Court of Criminal Appeals
granted review and determined that this court erred in reversing and remanding
this cause for a new trial because there was nothing in the record to show that
appellant was not aware of the consequences of his plea. Burnett, 88
S.W.3d at 641. The court of criminal appeals then remanded the cause for
consideration of appellant's remaining points of appeal. Id. at 635.
Thus, we will address each in turn.
Failure to
Admonish: Due Process
In his first point, appellant
alleges that the trial court's failure to admonish him on the range of
punishment caused him to enter a guilty plea in violation of his due process
rights. The State responds that this omission did not violate appellant's due
process rights.
Several federal constitutional
rights are involved in a waiver that takes place when a plea of guilty is
entered in a state criminal trial. Boykin v. Alabama, 395 U.S. 238,
243, 89 S. Ct. 1709, 1712 (1969); see also Malloy v. Hogan,
378 U.S. 1, 6, 84 S. Ct. 1489, 1492 (1964) (privilege against compulsory
self-incrimination); Duncan v. Louisiana, 391 U.S. 145, 154, 88 S. Ct.
1444, 1450 (1968) (right to trial by jury); Pointer v. Texas, 380 U.S.
400, 403, 85 S. Ct. 1065, 1068 (1965) (right to confront one's accusers). Thus,
the Supreme Court has held that a court cannot presume a waiver of these
important federal rights from a silent record. Boykin, 395 U.S. at 243,
89 S. Ct. at 1712.
Furthermore, the court shall not
accept a plea of guilty unless it is freely and voluntarily given. Tex. Code
Crim. Proc. Ann. art. 26.13(b). Due process requires that each defendant who
pleads guilty do so with a full understanding of the charges against him and the
consequences of his plea. Basham v. State, 608 S.W.2d 677, 678 (Tex.
Crim. App. [Panel Op.] 1980); Burke v. State, 80 S.W.3d 82, 93 (Tex.
App.--Fort Worth 2002, no pet.) (op. on reh'g). A guilty plea must be a
voluntary and knowing act. Brady v. United States, 397 U.S. 742, 748,
90 S. Ct. 1463, 1469 (1970). A guilty plea made by one fully aware of the plea's
consequences must stand unless it was induced by threats, misrepresentations, or
improper promises. Id. at 755, 90 S. Ct. at 1472. Since a guilty plea
is a waiver of trial, it must be an intelligent act "done with sufficient
awareness of the relevant circumstances and likely consequences." Id.
at 748, 90 S. Ct. at 1469.
A plea is involuntary if it is made
in ignorance of its consequences, including the length of any possible sentence.
Cheely v. United States, 535 F.2d 934, 935 (5th Cir. 1976). The
question is not whether the defendant learned of the penalty from the judge, in
a formal proceeding, but whether he had knowledge as to the punishment range,
whether from a judge, his lawyer, his bondsman, or from some other source. Id.
The Texas Court of Criminal Appeals has held that "the Supreme Court's
requirement for the determination of voluntariness is the consideration of the
entire record. The review of the voluntariness of the guilty plea should not be
based solely on questions and answers in the statement of facts, but on the
record as a whole." Williams v. State, 522 S.W.2d 483, 485 (Tex.
Crim. App. 1975). Furthermore, due process does not require a trial judge to
enumerate every constitutional right that a defendant possesses and demand that
the defendant note for the record his separate waiver of each. Breaux v.
State, 16 S.W.3d 854, 856 (Tex. App.--Houston [14th Dist.] 2000,
pet. ref'd).
Here, a review of the record
establishes that appellant's guilty plea was voluntary because it was not made
in ignorance of its consequences, and he knew the possible length of his
sentence. Although the trial judge did not specifically admonish appellant as to
the range of punishment attached to the offense, the record is replete with
references to the punishment range.(1) 
During voir dire, the State explicitly mentioned "life sentence" as
the maximum punishment range for the offense a total of twelve times. See
Burnett, 88 S.W.3d at 640-41. The State informed the panel that it
planned on asking for a life sentence. When defense counsel began his voir dire,
he also mentioned the range of punishment. At the close of the general voir dire
examination, the judge had the panel escorted into the hallway and then some
panel members were brought in individually for more questioning. In the presence
of both attorneys and appellant, the trial judge himself mentioned the range of
punishment approximately twenty-five times. Id. at 640.
Furthermore, the trial court
included the range of punishment in the court's charge to the jury, which the
judge read in the presence of appellant. In cases where the defendant enters his
plea before the jury and then goes to the jury for punishment, the defendant may
withdraw his plea at any time before the jury retires to consider punishment. McWherter
v. State, 571 S.W.2d 312, 313 (Tex. Crim. App. [Panel Op.] 1978); Abrego
v. State, 977 S.W.2d 835, 837 (Tex. App.--Fort Worth 1998, pet. ref'd).
Appellant did not attempt to withdraw his plea before the jury retired to
consider his punishment.
The record also does not contain
any evidence that appellant's guilty plea was induced by threats,
misrepresentations, or improper promises. See Brady, 397 U.S. at 755,
90 S. Ct. at 1472. During appellant's hearing on guilt, the trial judge informed
him that a jury was waiting, and he could plead not guilty and require the State
to prove his guilt. The judge asked him if he understood that he was giving up
his right to confront and cross-examine witnesses and his right to testify or
remain silent. Appellant admitted that he was pleading guilty because he thought
it was the best thing for him to do. He also denied that anybody had promised
him anything or coerced him in any way into pleading guilty and true to the
charge. Appellant admitted that the State had made him a plea offer of twelve
years' confinement, but that he had refused the deal. He wanted the jury to
assess his punishment.
Thus, we cannot say that
appellant's guilty plea was not an intelligent act done with sufficient
awareness of the relevant circumstances and likely consequences. Likewise, based
on the record, appellant's plea was a voluntary and knowing act not in violation
of his due process rights. Therefore, we determine beyond a reasonable doubt
that the error did not contribute to his conviction or punishment. See
Tex. R. App. P. 44.2(a). Appellant's first point is overruled.
Failure to
Admonish: Immigration Consequences
In his second point, appellant
contends that the trial court's failure to admonish him about the possible
immigration consequences of his guilty plea violated his due process rights. See
Tex. Code Crim. Proc. Ann. art. 26.13 (a)(4). The State responds that since the
record reflects that appellant is a United States citizen, the trial court's
error is harmless.
Under article 26.13(a)(4), every
defendant must be admonished in every case about the possible consequences of a
guilty plea on his immigration status. Id.; Matchett v. State,
941 S.W.2d 922, 929 (Tex. Crim. App. 1996), cert. denied, 521 U.S. 1107
(1997). The court of criminal appeals has held that the trial court's failure to
admonish a defendant under article 26.13(a)(4) is harmless error when the record
conclusively shows that the defendant is a United States citizen because "[i]t
would be an absurd result--a result the Legislature could not possibly have
intended . . . [when the] admonishment is legally inapplicable to him." Matchett,
941 S.W.2d at 930; see also Cain v. State, 947 S.W.2d 262, 264
(Tex. Crim. App. 1997); Mata v. State, 1 S.W.3d 226, 228 (Tex.
App.--Corpus Christi 1999, no pet.).
Here, the trial court clearly erred
when it failed to give appellant his article 26.13(a)(4) admonishment because
every defendant must receive it. See Tex. Code Crim. Proc Ann. art.
26.13(a)(4); Matchett, 941 S.W.2d at 929. However, the record indicates
that appellant was born in Dallas, Texas. Because appellant is a United States
citizen, the admonishment is legally inapplicable to him. See Cain,
947 S.W.2d at 264; Matchett, 941 S.W.2d at 930; Mata, 1 S.W.3d
at 228. The court's failure to provide appellant with the immaterial
admonishment mandated under article 26.13(a)(4) could not have effected or
contributed to his conviction or punishment. See Matchett, 941 S.W.2d
at 929. Thus, we conclude that the error was harmless beyond a reasonable doubt.
See Tex. R. App. P. 44.2(b). Appellant's second point is overruled.
Jury Instruction
In his fourth point, appellant
contends that the trial court erred in failing to instruct the jury on the
State's burden to prove extraneous offenses and bad acts beyond a reasonable
doubt. The State responds that because appellant never contested his guilt of
the extraneous offenses and his counsel conceded their truth in argument,
appellant had nothing to gain from an instruction of "reasonable
doubt" and nothing to lose from its absence.
Extraneous offenses admitted at the
guilt-innocence stage must be proved beyond a reasonable doubt, and the jury
must be so instructed. George v. State, 890 S.W.2d 73, 76 (Tex. Crim.
App. 1994). The same is true at the punishment stage. Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a) (Vernon Supp. 2003); Mitchell v. State, 931 S.W.2d
950, 954 (Tex. Crim. App. 1996) (plurality op.); Collins v. State, 2
S.W.3d 432, 433 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd).
Therefore, we hold that the trial judge erred by not giving a reasonable doubt
instruction at the punishment stage regarding the extraneous offenses.
Because appellant did not object at
trial to the error in the court's charge, however, we must decide whether the
error was so egregious and created such harm that appellant did not receive a
fair and impartial trial--in short, that "egregious harm" has
occurred. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(op. on reh'g); see TEX.
CODE CRIM.
PROC. ANN.
art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996).
In making this determination,
"the actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole." Almanza, 686
S.W.2d at 171; see generally Hutch, 922 S.W.2d at 172-74. Egregious
harm is a difficult standard to prove and must be determined on a case-by-case
basis. Hutch, 922 S.W.2d at 171.
The State correctly relies on
factual similarities in Collins v. State to conclude that appellant did
not suffer egregious harm. 2 S.W.3d at 436. In Collins, the trial court
failed to instruct the jury at the punishment stage that it could not consider
extraneous offenses unless they were proved beyond a reasonable doubt. Id.
at 433. The appellate court determined that since the extraneous offense
evidence against him was strong, uncontradicted, and unimpeached, the lack of a
reasonable doubt instruction was not egregiously harmful. Id. at 436.
The court further noted that defense counsel virtually conceded to the truth of
the offenses in his closing argument by saying that the jury heard a lot of
"bad evidence and bad acts" and "[n]obody can mitigate any of
that." Id. at 437.
Here, appellant's facts are
virtually identical. The State introduced numerous extraneous offenses; however,
appellant failed to contradict or impeach any of them. In fact, appellant did
not even cross-examine the State's fingerprint expert who matched appellant's
prints to the extraneous offenses. Thus, the extraneous offense evidence against
him was strong, uncontradicted, and unimpeached.
Also as in Collins,
appellant's attorney conceded the truth of the offenses in his closing argument.
He acknowledged that the jury had heard a lot of bad evidence by stating that
"[d]uring the punishment phase of a trial, you can hear about the bad acts
of the Defendant. And you have heard about these, and there is a lot of them out
there. There is no doubt about that." He did not argue that the offenses
were not true. Thus, we cannot say that the impact of this argument would have
been weakened by a reasonable doubt instruction. See id.
Although the extraneous offense
evidence was surely unfavorable to appellant, as all adverse evidence is,
nothing suggests that a lack of a reasonable doubt instruction was egregiously
harmful. See id. at 436. Because appellant never contested his guilt of
these extraneous offenses, he had nothing to gain from an instruction on
reasonable doubt and nothing to lose from its absence. Therefore, we overrule
appellant's fourth point.
Conclusion
Having overruled all of appellant's
remaining points on remand, we affirm the trial court's judgment.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL B: LIVINGSTON, DAUPHINOT, and
HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 24, 2003

1.  The Texas Court of Criminal Appeals also noted
the number of times the record reflected the punishment range when it addressed
and overruled appellant's article 26.13(a)(1) argument. Burnett, 88
S.W.3d at 639-41.