Opinion issued July 20, 2006
     









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00465-CR




LEONARD HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 47,023




MEMORANDUM OPINION
          A jury convicted appellant, Leonard Hawkins, of robbery and found two
enhancement paragraphs true. The trial court assessed punishment at 85 years’
confinement. In the first and second points of error, we consider whether the trial
court erred in admitting (1) the police chase video of a vehicle that appellant was not
in while the chase ensued, and (2) three handguns found in that same vehicle. In the
third point of error, we address whether the trial court erred in its charge to the jury
by failing to set out the habitual offender requirements under section 12.42(d) of the
Texas Penal Code. We affirm.
BackgroundOn May 14, 2004, while driving her black pickup home from work, the
complainant noticed that five men in a red pickup were all staring at her. 
Complainant, accompanied by her nine-year-old nephew, arrived home in the mid-afternoon, parked in her driveway, and noticed the same red pickup approaching. The
red pickup stopped in the middle of the street behind her pickup, and appellant got
out of the red pickup, approached the complainant, and demanded her keys. The
complainant, who testified that appellant had a gun, complied and removed her
nephew from her black pickup. A second man then left the red pickup and got in the
passenger side of complainant’s pickup. As soon as both trucks left, the complainant
called 911 whereupon a chase of both vehicles ensued.
          The chase of the complainant’s black pickup ended when appellant lost control
and crashed. After a short foot chase, officers apprehended appellant, along with the
passenger, who did not run. At the accident scene, officers located one handgun on
the ground behind the rear passenger tire of the truck—the same location where the
arresting officer found the passenger standing.
          The red pickup led officers on a high-speed chase, on the interstate and through
residential neighborhoods, which ended when the pickup crashed into a building. An
officer’s car video camera recorded the entire chase, and this video was introduced
into evidence and played for the jury. In the red pickup, Officers also discovered
three handguns, which were admitted into evidence. 
Evidentiary Challenges
          In appellant’s first two points of error, he contends the trial court erred in
admitting (1) the police chase video of the red pickup along with testimony about the
chase, and (2) evidence of the three handguns found in the red pickup. Appellant
argues that, because he was not inside the red pickup at the time of the chase and
because the three handguns were not connected to appellant, the evidence was
inadmissible under Rules 401, 403, and 404(b) of the Texas Rules of Evidence.
          We review a trial court’s evidentiary rulings under an abuse-of-discretion
standard. State v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); Lopez v.
State, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). The decision of the trial court
will be affirmed if the decision is within the zone of reasonable disagreement on the
particular issue. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh’g).
          The State contends this evidence is relevant and admissible under Rule 401 and
Rule 404(b) as “same transaction contextual evidence.” See Camacho v. State, 864
S.W.2d 524, 532 (Tex. Crim. App. 1993). When several crimes are intermixed,
blended, or connected with one another so that they form an indivisible criminal
transaction, they are collectively referred to as same transaction contextual evidence. 
Lamb v. State, 186 S.W.3d 136, 141 (Tex. App.—Houston [1st Dist.] 2005, no pet.). 
Such evidence imparts to the trier of fact information essential to understanding the
context and circumstances of events. Camacho, 864 S.W.2d at 532. It is admissible,
not for the purpose of showing character conformity, but to illuminate the nature of
the crime alleged. Id. 
          In the present case, there is no doubt that the red truck and its occupants played
a role in the robbery—from the beginning to the end. On that day, all five men
agreed to steal the black truck. They used the red truck to find their target, followed
that vehicle to complainant’s residence, and blocked complainant’s black pickup in
the driveway with the red pickup. After appellant robbed complainant, taking her
vehicle, both pickups left together. When officers located the two vehicles, the
pickups were following each other and only separated after officers turned on their
emergency lights. By introducing evidence of the subsequent police chase of the red
pickup and the handguns located within, the State painted a full picture for the jury
of what happened to the red pickup that played a large role in the commission of this
crime. Thus, we conclude that the trial court’s ruling was within the zone of
reasonable disagreement that the police chase video of the red truck and the handguns
located within represented evidence of the same transaction. See Camacho, 864
S.W.2d at 532; Montgomery, 810 S.W.2d at 391.
          We also conclude this evidence was relevant under Rule 401 of the Texas
Rules of Evidence. See Tex. R. Evid. 401 (stating that “relevant” evidence has any
tendency to make the existence of any fact of consequence to the determination more
or less probable than it would be without the evidence). Regarding the police chase
video of the red pickup, this evidence substantiated appellant’s confession that this
was a conspiracy to steal the pickup. The evidence of the three guns also
substantiated appellant’s confession and rebutted appellant’s claim that he was not
armed when robbing the complainant.
          Appellant argues further that the admission of the evidence violated Rule 403. 
The approach under Rule 403 is to admit all relevant evidence unless the probative
value is substantially outweighed by the danger of unfair prejudice to the defendant. 
Tex. R. Evid. 403. Only “unfair” prejudice provides the basis for exclusion of
relevant evidence. Montgomery, 810 S.W.2d at 389. Unfair prejudice arises from
evidence that has an undue tendency to suggest that a decision be made on an
improper basis, commonly an emotional one. Id. Rule 403 favors admissibility and
a presumption exists that relevant evidence will be more probative than prejudicial. 
Id.; DeLeon v. State, 77 S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. ref’d). In
evaluating the trial court’s determination under Rule 403, a reviewing court is to
reverse the trial court’s judgment “rarely and only after a clear abuse of discretion.”
Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting Montgomery,
810 S.W.3d at 389). The standard recognizes that the trial court is in a superior
position to gauge the impact of the relevant evidence. Montgomery, 810 S.W.2d at
391, 392.
          To determine whether the unfair prejudice of the proffered evidence
substantially outweighs its probative value, a reviewing court may consider (1) how
compellingly the evidence serves to make a fact of consequence more or less
probable; (2) the potential the evidence has to impress the jury in some irrational but
indelible way; (3) the time the proponent will need to develop the evidence; and (4)
the force of the proponent’s need for this evidence to prove a fact of consequence. 
Mozon, 991 S.W.2d at 847.
          Under the first factor, the evidence of the police chase of the red truck and the
three handguns found within serves two functions: (1) the evidence corroborates
appellant’s confession that he and the other four men conspired to steal complainant’s
truck, and (2) the evidence makes it more probable that appellant was armed during
this robbery because, although five men were involved, only four handguns were
found. Regarding the second factor, the police chase video of the red truck displayed
no accidents or close calls. Although the chase ensued through a residential
neighborhood, the video lasted only three to four minutes. Thus, we disagree that this
evidence impressed the jury in some irrational but indelible way. Appellant argues
that the admission of the handguns was especially unfairly prejudicial; however, the
jury did not find appellant guilty of aggravated robbery.


 The third factor, the time
required to present the evidence, also weighs in favor of the State. The video of the
chase lasted only three to four minutes, and the testimony relating to the handguns
primarily involved chain of custody testimony. Finally, with the fourth factor, the
State’s need for the evidence of the police chase video, was very little in light of
appellant’s confession, the complainant’s unwavering identification, and the
apprehending officer’s identification. The same cannot be said of the handguns,
however. In appellant’s confession, he contends he did not use a gun, but the
complainant testified to the contrary. Although only four handguns were found, the
State’s theory was that, because nearly every man had a weapon, it was more likely
appellant was armed as well.
          Based on the record before us, we cannot conclude that the trial court abused
its discretion in concluding that the probative value of the police chase video of the
red truck and the three handguns found within was not substantially outweighed by
the danger of unfair prejudice. We overrule appellant’s first two points of error. 
Jury Charge
          In his third point of error, appellant complains the trial court erred in its charge
to the jury by failing to set out the habitual offender requirements under Section
12.42(d) of the Texas Penal Code. Appellant argues the charge did not require the
jury to find that the second previous (“second”) felony conviction occurred after the
first previous (“first”) felony conviction became final.
          Section 12.42(d) of the Texas Penal Code provides that 
[i]f it is shown on the trial of a felony offense . . . that the defendant has
previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to
the first previous conviction having become final, on conviction he shall
be punished by imprisonment . . . for any term of not more than 99 years
or less than 25 years.

Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). The indictment, here, alleged two
enhancement paragraphs—the first for felony cocaine possession and the second for
felony “robbery-bodily injury.” The court’s charge read as follows:
In paragraph one of the enhancement allegations of the indictment
it is alleged that the defendant was convicted on the 23rd day of
October, 1997 in Cause No. 763213 in the 183rd District Court of Harris
County, Texas, for the felony offense of Possession of Cocaine, which
said conviction had became [sic] a final conviction prior to the
commission of the offense for which you have just found him to be
guilty.
In paragraph two of the enhancement allegation of the indictment
it is alleged that the defendant was convicted on the 8th day of February,
2001, in Cause No. 860712, in the 228th District Court of Harris
County, Texas for the felony offense of Robbery-Bodily Injury, which
said conviction had became [sic] a final conviction prior to the
commission of the offense for which you have just found him to be
guilty and after the commission of the offense charged in paragraph one
of the enhancement allegations.
To these enhancement allegations in the indictment, the
defendant, LEONARD HAWKINS has pleaded “not true.”
It now becomes your duty under the law to determine whether
these allegations are “true” or “not true” and to set punishment which
should be assessed against this defendant.
Now, therefore, if you find from the evidence beyond a reasonable
doubt that the defendant is the same person who was convicted on the
23rd day of October, 1997, in the Cause No. 763213, in the 183rd
District Court of Harris County, Texas, for the felony offense of
Possession of Cocaine, as alleged in paragraph one of the enhancement
allegations of the indictment; and that the defendant is the same person
who was convicted on the 8th day of February, 2001 in Cause No.
860712, in the 228th District Court of Harris County, Texas, for the
felony offense of Robbery-Bodily Injury, as alleged in paragraph two of
the enhancement allegations of the indictment; then you will find that
both of the enhancement paragraphs are true.

(Emphasis added). We agree with appellant that the charge only requires that the
second offense be committed “‘after the commission of the offense charged in
paragraph one’ rather than after the conviction of the offense charged in paragraph
one had become final.”


 This charge does not follow the requirements of Section
12.42(d) which provides that the second previous conviction occur after the first
previous conviction becomes final. Tex. Pen. Code Ann. § 12.42(d) (Vernon 2003). 
Thus, this is an erroneous charge.
          To obtain reversal for this error, though, when no objection was made at trial,
appellant must show egregious harm. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984); Collins v. State, 2 S.W.3d 432, 434 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d). “Egregious harm” occurs when the error is so egregious and
created such harm that the appellant has not had a fair and impartial trial. Almanza,
686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire
jury charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole. Id.
          In Collins v. State, this Court confronted whether the trial court erred by not
instructing the jury at the punishment stage that it could not consider extraneous
offenses unless they were proved beyond a reasonable doubt. 2 S.W.3d at 433. In
addressing egregious harm, this Court reasoned the evidence against Collins was
strong, unimpeached, and uncontradicted because he presented no evidence at the
punishment stage. Id. at 436-37. To support its holding that Collins did not suffer
egregious harm due to the uncontested evidence, the court relied on Kucha v. State,
686 S.W.2d 154 (Tex. Crim. App. 1985), in which the trial court erred by failing to
tell the jury the range of punishment if it found the enhancement paragraph untrue. 
Collins, 2 S.W.3d at 436; Kucha, 686 S.W.2d at 155. The Court of Criminal Appeals
found no egregious harm because the evidence proving the enhancement was
undisputed, uncontradicted, and seemed to have been taken almost as a “given” by
the parties. Kucha, 686 S.W.2d at 156.
          We encounter a similar situation here. The State entered the judgments on both
prior convictions. The judgment for the first previous conviction shows judgment
was entered on October 23, 1997, and the final page of the judgment contains the
following line: “Notice of Appeal:_______,” which suggests no notice of appeal had
been filed. Appellant did not challenge the finality of this conviction and presented
no evidence during the punishment hearings. Appellant’s only reference to the
finality of the convictions came during closing argument when appellant’s counsel
stated, “I’m not sure they’ve proven that the – that the convictions were final before
the others took place or not. But that’s for you to decide.” In light of the “strong,
uncontradicted, and unimpeached” evidence showing the finality of the first
conviction, we conclude appellant did not suffer egregious harm. Collins, 2 S.W.3d
at 436. We overrule appellant’s third point of error.          
Conclusion
Accordingly, we affirm the judgment of the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.
Do not publish. Tex. R. App. P. 47.2(b).