**AFFIRMED and Opinion Filed October 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00957-CR**
**No. 05-21-00958-CR**

**JUSTIN LLOYD STRICKLIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-83893-2021, 366-83894-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Appellant Justin Lloyd Stricklin appeals his convictions for continuous sexual abuse of a child under 14 and indecency with a child by contact. In a single issue, appellant asserts the trial court erred in overruling his objections to certain statements the prosecutor made during closing argument in the guilt–innocence phase of trial. Because the trial court did not abuse its discretion in overruling appellant's objections, we affirm the judgments against him. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The State charged appellant with continuous sexual abuse of a child under 14 and indecency with a child by contact, alleging that, during a period that was 30 days or more in duration, appellant committed two or more acts of sexual abuse against L.O. and D.J. TEX. PENAL CODE ANN. §§ 21.02; 21.11. Appellant pleaded not guilty to both offenses elected a jury trial.

At trial, the State presented evidence that appellant, through the course of his employment as an x-ray technician at an imaging center, had unlawfully touched two female patients who were then under the age of 14. More particularly, the State established that on December 10, 2015, L.O., who was then 8 years' old and accompanied by her mother, went to the imaging center for a chest x-ray due to suspected pneumonia. Appellant performed the x-ray. Appellant was alone in the x-ray room with L.O. After he placed L.O. in various positions in front of the x-ray machine, he unlawfully touched her. Upon leaving the imaging center, L.O. told her mother what had occurred. They returned to the center and told the manager what had transpired. Later that day, they reported the incident to the police and L.O. was interviewed at the Child Advocacy Center.

Following L.O.'s disclosure, the imaging center put appellant on administrative leave. At the request of the manager, appellant was reinstated and returned to work in March 2016. On November 17, 2016, D.J., who was then 11 years' old, went to the imaging center for x-rays of her knees. Her father

–2–

accompanied her, but appellant told him to wait outside during the imaging session. As appellant completed the process of taking x-rays of D.J.'s knees, he unlawfully touched her. D.J. did not tell her father what had happened but told her mother later that night. The next day, D.J.'s parents took her to the police. She was then interviewed at the Child Advocacy Center. Appellant was arrested and resigned from his position at the imaging center.

At the punishment phase of trial, the State presented the testimony of a third child, A.J., who claimed also to have been unlawfully touched by appellant. A.J. went to the imaging center in December 2015 for x-rays of her foot. A.J. was 11 years' old at the time. Appellant performed the x-rays. A.J.'s mother did not go into the x-ray room because she was pregnant at the time. Appellant unlawfully touched A.J. Initially, A.J. told only a young friend what had happened and later disclosed it to D.J., who she knew from participating in cheer, when she learned something similar had happened to D.J. at the same imaging center.

In his own defense, appellant testified to a difficult upbringing, denied he assaulted anyone, and suggested the complainants and A.J. were lying. He also stated he did not think he had a problem and wanted to become a physician's assistant. As to his character, appellant called two male friends. Neither of them believed appellant would sexually abuse young girls. Lastly, appellant offered the opinion of a licensed sex-offender treatment provider. Based on tests administered to appellant, she opined that he posed a low risk for violence, crime, and sexual re-

offense. This witness was not aware of A.J.'s allegations and did not take appellant's alleged abuse of her into account in forming her opinions.

The jury found appellant guilty of the charged offenses and assessed punishment at 50 years' confinement in the continuous sexual abuse of a child case and 5 years' confinement in the indecency case. This appeal followed.

## DISCUSSION

Appellant contends the trial court abused its discretion in overruling his objections to the following arguments the prosecutor made at the conclusion of the guilt-innocence phase of trial.

> This defendant is a predator. If you let him go, he will be unstoppable. He was already caught once.
>
> . . . .
>
> He was caught once, he was put back to work, and he must have thought he was unstoppable then because you know what happened next, he violated [D.J.]. He will be unstoppable. It stops with you. I can't do anything, Defense can't do anything, the Judge can't do anything. It's up to you to keep our community safe. Find the defendant guilty, hold him accountable, keep us all safe.

As to the first statement, appellant objected "improper closing argument." As to the second statement, appellant objected "community safety."

Here, appellant contends these arguments fell outside the scope of permissible arguments and improperly characterized appellant as a predator who will certainly molest other children. The State asserts appellant failed to preserve his complaint

because his objections were too general and, if his complaint is reviewable, it is meritless.

Assuming, without deciding, appellant preserved his complaint for review, we review the trial court's ruling on an allegation of improper jury argument for abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). Permissible jury argument falls within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Darden v. State*, 629 S.W.2d 46, 52 (Tex. Crim. App. 1982).

Appellant acknowledges that this Court and others have condoned arguments similar to the ones complained about here[1] but, citing *Milton v. State* and *Ex parte Lane*, he contends the court of criminal appeals has held otherwise. *See Milton v. State*, 572 S.W.3d 234 (Tex. Crim. App. 2019); *Ex parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009).

Appellant's reliance on *Milton* and *Lane* is misplaced. In *Milton*, the court found the State should not have played a video of a lion trying to eat a baby as a demonstrative aid during closing argument at the punishment phase of trial in a

---

[1] *See, e.g.*, *Shields v. State*, No. 05-97-01958-CR, 1999 WL 289220, *2 (Tex. App.—Dallas May 11, 1999, no pet.) (not designated for publication) (holding State may argue in guilt–innocence phase that jury should not allow defendant to be freed or returned to community); *Martinez v. State*, 715 S.W.2d 725, 727 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) (holding statement "Do you want him out there cruising in his silver '76 Oldsmobile in your neighborhood tonight? And a not guilty says he can do just that" was proper plea for law enforcement).

robbery case because in doing so the State improperly invited the jury to view the appellant's crime as more brutal than it was. *Milton*, 572 S.W.3d at 244. In *Lane*, the court found the prosecutor went beyond making reasonable deductions from the admitted evidence. In that case, the prosecutor referred to a wholly new and unsubstantiated allegation that "people" sell methamphetamine to children who in turn use the methamphetamine and become addicts. *Lane*, 303 S.W.3d at 711. Neither scenario exists here.

Here, the prosecutor's characterization of appellant as unstoppable and as a "predator" accurately described his actions and the evidence presented at trial. Appellant was charged with an offense that is predatorial in nature. *See, e.g., Ramos v. State*, 636 S.W.3d 646, 655–56 (Tex. Crim. App. 2021). The State presented evidence appellant assaulted L.O. and D.J. when they were 8 and 11 years' old respectively. Moreover, appellant assaulted them under the guise of an imaging process for medical diagnosis when they were both in vulnerable states. Thus, describing appellant as a predator was a proper characterization of his actions. *See Graham v. State*, No. 05-12-01568-CR, 2014 WL 1512476, at *7–8 (Tex. App.—Dallas Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication) (holding State's argument referring to defendant as "a predator" was proper deduction from evidence showing defendant waited for victim to die from methamphetamine overdose and then went through victim's house taking valuables, set house on fire, and fled); *Collins v. State*, 2 S.W.3d 432, 437 (Tex. App.—Houston [1st Dist.] 1999,

pet. ref'd) (holding argument characterizing defendant as "a predator who preyed on women with small children" was proper where it was both a summation and reasonable deduction from the evidence).

With respect to the State's characterization of appellant as "unstoppable," the State presented evidence appellant assaulted L.O. in December 2015 and D.J. in November 2016, after he had already been accused of assaulting L.O. and having been placed on administrative leave. Notwithstanding the fact that appellant had been previously caught, he subsequently assaulted a young girl under the same or similar circumstances. A logical deduction from the evidence is that appellant would continue this unlawful behavior unless stopped. This is a proper plea for law enforcement. *See Kirkpatrick v. State*, 515 S.W.2d 289, 293 (Tex. Crim. App. 1974) (holding argument jury should convict defendant so he would not engage in further looting constituted proper plea for law enforcement); *Martinez v. State*, 822 S.W.2d 276, 280 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) (concluding statement suggesting the accused would molest other children absent conviction was proper plea for law enforcement); *see also Amaro-Solis v. Lumpkin*, No. H-21-1634, 2022 WL 748490, at *7 (S.D. Tex. Mar. 11, 2022) (prosecutor's argument jury should consider future dangerousness of defendant considered proper plea for law enforcement if substantiated by evidence).

The complained-of arguments in this case were reasonable deductions from the evidence as well as pleas for law enforcement. Thus, the trial court acted within

its discretion in overruling appellant's objections to the complained of arguments.

We resolve appellant's sole issue against him.

## CONCLUSION

We affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

210957F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN LLOYD STRICKLIN, Appellant

No. 05-21-00957-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-83893-2021.
Opinion delivered by Justice Schenck. Justices Reichek and Goldstein participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 11th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN LLOYD STRICKLIN,
Appellant

No. 05-21-00958-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-83894-
2021.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 11th day of October, 2022.