**Jesus Hernandez MATA, Jr, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–98–214–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 5, 1999.

Lisa Harris, Jeanette Cantu–Bazar, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Alfredo Ysassi, Asst. Dist. Atty., Kingsville, for State.

Before Chief Justice SEERDEN, Justices YAÑEZ and CHAVEZ.

## O P I N I O N

Opinion by Justice CHAVEZ.

Jesus Hernandez Mata, Jr. pleaded guilty to two counts of attempted murder and was sentenced by a jury to thirteen and one-half years in prison. He brings three points of error on appeal. His central complaint is that he was not advised of the consequences of his plea on his immigration status. He argues that the trial court failed to give him the statutorily required admonishments, his trial counsel rendered him ineffective assistance of counsel by failing to adequately prepare for his case and failing to advise him of the consequences of his plea, and that the denial of effective assistance of counsel rendered his plea involuntary. We find no reversible error because the only evidence in the record of Mata's citizenship status is his sworn testimony to the trial court that he was a United States citizen. Accordingly, we affirm.

Prior to the date on which the case was set for trial, a pre-trial hearing was conducted. Mata's counsel informed the court that the State had offered Mata a plea bargain agreement which Mata had rejected. Although Mata insisted on pleading guilty before a jury, his counsel wanted the plea bargain rejection on the record. Mata was placed under oath and the following took place:

Counsel: Would you state your name.

Mata: Jesus Hernandez Mata.

Counsel: Are you a U.S. citizen?

Mata: Yes, sir.

The record does not reflect that an interpreter was used or required. The plea rejection was put on the record and the case was set for jury selection.

█ After a jury was selected, but before it was sworn in, the trial court proceeded to orally admonish appellant of the consequences of his plea and to determine if the plea was being made knowingly and voluntarily. The trial court, however, failed to admonish Mata, as it was required to do,[1] of the fact that if he was not a citizen of the United States of America, his plea of guilty could result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. Mata contends that because the trial court failed to give him this admonishment, his case should be reversed, and he cites us to *Ex parte Cervantes* as authority that a conviction must be reversed when this admonishment is not given. *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim.App.1988).

Appellant's post-conviction application for writ of habeas corpus in *Cervantes* demonstrated that Cervantes had imminent deportation proceedings pending as a result of his conviction in state court. While Cervantes received written admonishments as required by article 26.13(d), the trial court record showed that he did not receive the article 26.13(a)(4) admonishment. *Cervantes*, 762 S.W.2d at 578. Accordingly, his conviction was reversed. In *Morales v. State*, the court held that failure to give the article 26.13(a)(4) admonishment constituted reversible error, even without a showing of harm. *Morales v. State*, 872 S.W.2d 753, 755 (Tex.Crim. App.1994). The citizenship of the defendant was not apparent from the record in *Morales*. But, where the record conclusively shows that the defendant is a United States citizen, the court of criminal appeals has held that the admonishment is legally inapplicable and any error in failing to give it is harmless. *Matchett v. State*, 941 S.W.2d 922, 930 (Tex.Crim.App.1996).

In this case, as in *Matchett*, the record shows that the defendant was a United States citizen. On appeal Mata claims that he is only a permanent resident and will be subject to deportation. He does not support this contention with any reference to

---

1. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4)    (Vernon 1989).

the record. Indeed, the only evidence in the record of Mata's citizenship status is Mata's sworn statement that he is a United States citizen. Mata refers us to the opening statement of his trial counsel, where counsel stated that Mata's parents "married young in Mexico." We do not consider this statement to be evidence that Mata was not a United States citizen. First, it is axiomatic that argument of counsel is not evidence. Furthermore, there are many United States citizens residing in this country whose parents married in Mexico and/or are Mexican nationals. We conclude that the error in failing to admonish Mata in compliance with article 26.13(a)(4) was harmless because the record indicates that Mata is a United States citizen. Accordingly, we find no reversible error in Mata's first issue.

■ In his second issue, Mata contends that he received ineffective assistance of counsel because his counsel failed to adequately investigate his citizenship status and failed to adequately advise him of the possible consequences of his guilty plea on his immigration status. In issue number three, Mata contends that his plea was involuntary because it was offered without effective assistance of counsel.

The standard for determining effective assistance of counsel was established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted in Texas in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). *Strickland* holds that an accused is entitled to reasonably effective assistance of counsel. *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052. A convicted person complaining of ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness; and, (2) must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 687, 690, 104 S.Ct. 2052. We will then deter-

mine whether, from the totality of the circumstances, the identified acts or omissions fell outside the wide range of professional competence. *Id.* at 695, 104 S.Ct. 2052. However, the appellant must overcome a strong presumption that counsel's conduct falls within the range of reasonable representation. *Id.* at 689, 104 S.Ct. 2052. Any deficiency in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id.* at 692, 104 S.Ct. 2052. Furthermore, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

Mata complains that his counsel was aware that Mata's parents were Mexican nationals, yet never investigated his immigration status. The record is silent regarding what investigation Mata's counsel did or did not conduct regarding Mata's citizenship. In his brief Mata contends that he was hesitant to answer the question posed to him about his citizenship and that he answered "yes" only after his counsel nodded to him, signaling that he should answer affirmatively. However, there is nothing in the record to substantiate this version of the facts. All the record reflects is Mata's flat statement that he is a United States citizen.

Mata also complains that his trial counsel failed to obtain written admonishments for his client, which would have advised him of the immigration consequences of his plea. However, because the record before us contains only evidence that Mata was a United States citizen, the appellant has failed to demonstrate that he was harmed in any way by the failure to receive the written admonishments. Because the allegations of ineffectiveness are not firmly founded in the record, we must overrule the arguments raised in Mata's second issue.[2]

2. This is case brings to mind Judge Baird's    comments a few years ago in his concurring

The argument in Mata's third issue regarding the voluntariness of his plea was premised on his ineffective assistance of counsel claim. Because we have overruled Mata's ineffective assistance of counsel claim, we also overrule his third issue arguing that his plea was involuntary.

The judgment of the trial court is affirmed.

Justice LINDA REYNA YAÑEZ dissenting.

Dissenting Opinion by Justice YAÑEZ.

I respectfully dissent from the majority opinion. The Texas Legislature has mandated that criminal defendants shall be admonished by the trial court that if they are not United States citizens, a guilty plea may result in deportation, exclusion of admission from the country, or denial of naturalization under federal law. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 1989). The Legislature intended this admonishment to be given to all criminal defendants accused of felony offenses prior to entering a plea of guilty or nolo contendere. *See Matchett v. State*, 941 S.W.2d 922, 930 (Tex.Crim.App.1996) (plurality opinion). This admonishment advises the defendant of the consequences of a guilty plea, and aids him in making an informed, voluntary decision. Without the admonishment, the voluntariness of the plea may be undermined.

As a practical matter, providing the admonishment to all criminal defendants prior to the acceptance of a guilty plea, regardless of their immigration status, makes sense. State district court judges should not be burdened with determining the citizenship, immigration status, or de-

portability of criminal defendants; nor are they authorized to do so. *See* 8 U.S.C. § 1101 *et seq.* (1999). Nor should criminal defendants be required to litigate the issue of their citizenship at a state criminal trial.

The remedy available when the trial court wholly fails to give the statutorily required admonishment apparently depends largely upon the appellant's citizenship or immigration status. The Court of Criminal Appeals concluded that it would be "absurd" to reverse a conviction where the article 26.13(a)(4) admonishment is legally inapplicable to the defendant, that is, where the record "conclusively shows" that the defendant is a United States citizen. *Matchett*, 941 S.W.2d at 930; *Cain v. State*, 947 S.W.2d 262, 263–64 (Tex.Crim. App.1997) (adopting the holding and reasoning of *Matchett*). When the record does not conclusively establish the appellant's citizenship, however, the failure to give the required admonishment may result in the reversal of a conviction. *See Carranza v. State*, 980 S.W.2d 653, 658 (conviction reversed where trial court failed to give article 26.13(a)(4) admonishment to non-citizen with expired "green card" who was subjected to heightened deportation status because of the conviction); *see also Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App.1994) (conviction reversed where trial court failed to admonish under article 26.13(a)(4) and record was silent as to citizenship).

Immigration and nationality matters are pre-empted from state action by federal constitutional and statutory provisions. I disfavor opening the door to allow state judges to make citizenship determinations because they are not authorized to adjudicate claims to U.S. citizenship. However,

opinion in *Jackson v. State:*

> As a general rule, one should not raise an issue of ineffective assistance of counsel on direct appeal.... A trial record is directed to the issues of guilt/innocence and punishment. And we review that record with an eye toward the errors allegedly committed in relation to those issues. However, in order to effectively argue an issue of inef-

> fective assistance of counsel, a record focused on the conduct of trial or appellate counsel should be developed. Such a record is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus.
>
> *Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim.App.1994) (Baird, J., concurring).

if state judges are in effect determining citizenship status of criminal defendants, those determinations should be consistent with existing immigration laws establishing which documents are required to conclusively establish U.S. citizenship. A U.S. birth certificate, a U.S. passport, a certificate of naturalization, or certain baptismal certificates are documents that may conclusively establish citizenship. State agencies involved in providing certain state benefits are required to make eligibility determinations consistent with immigration provisions delineating specific documents that conclusively establish the citizenship or immigration status claimed by the applicant, *i.e.*, birth certificates, lawful permanent resident alien cards, and refugee entry documents. Unsubstantiated oral claims to citizenship or legal residency are inadequate to receive state benefits, such as public assistance, *see* 40 T.A.C. §§ 3.601, 3.603 (West 1998), or a driver's license. *See* 37 T.A.C. § 15.42 (West 1998) (requiring documentation to verify social security number upon original application). Similarly, unsubstantiated oral claims of citizenship are inadequate to establish U.S. citizenship for purposes of waiving a due process right under a criminal statute such as article 26.13(a)(4).

In the present case, there is no question that the trial court failed to give the admonishment. The majority overrules appellant's first point of error, however, because he answered affirmatively to a question regarding his citizenship at a pre-trial hearing. The only evidence in this case of appellant's citizenship or immigration status is his acquiescence to one question posed by his lawyer. The information appears in the record only because appellant's lawyer desired to formally note appellant's refusal of a plea bargain agreement and his decision to plead guilty before a jury. Appellant claims he answered affirmatively only because his lawyer prompted him to do so. This record simply does not conclusively establish that appellant is a United States citizen.

Failure to give the article 26.13(a)(4) admonishment should be harmless only when the record conclusively shows the defendant is a United States citizen. Had the article 26.13(a)(4) admonishment been given in this case, it may have influenced appellant's decision to plead guilty. The omission of the article 26.13(a)(4) admonishment is error which should not be disregarded in this case. For these reasons, I would sustain appellant's first point of error, and reverse and remand for a new trial.