BURNETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-00-171-CR

DEVIN BURNETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION
 
ON REMAND

------------

Appellant Devin Burnett appeals his conviction for delivery of a controlled substance.  In four points, he complains that (1) the trial court’s failure to admonish him of the range of punishment and possible immigration consequences caused him to enter an open guilty plea in violation of his due process rights, and (2) the trial court erred in failing to instruct the jury on the State’s burden to prove extraneous offenses and bad acts beyond a reasonable doubt.  We
 
affirm.

Background

On April 10, 2000, appellant indicated to the trial court that he wanted to plead guilty to the offense of possession of a controlled substance as alleged in the indictment and “true” to an enhancement paragraph alleging a prior felony conviction for burglary of a habitation.  The record shows that appellant was aware of a plea offer of twelve years’ confinement, but he had refused the offer.  The trial court explained to appellant his right to a jury trial on guilt/innocence and the rights he would be giving up by pleading guilty, but the trial court did not admonish appellant on the range of punishment or the possible immigration consequences as required under Texas Code of Criminal Procedure article 26.13. 
 
Tex. Code Crim. Proc. Ann
. art. 26.13 (a)(1), (4) (Vernon Supp. 2003).

After appellant’s plea, the trial court impaneled a jury to assess his punishment.  The jury sentenced appellant to eighty-five years’ confinement with a $10,000 fine.

In his third point, appellant complains that the trial court erred in failing to admonish him in accordance with article 26.13. 
 
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon 1989 & Supp. 2003).  In our original disposition of this appeal, we addressed appellant’s 26.13 argument, reversed his conviction, and remanded for a new trial.  
Burnett v. State
, No. 02-00-00171-CR, slip op. at 4 (Tex. App.—Fort Worth March 15, 2001) (not designated for publication), 
rev’d
, 88 S.W.3d 633, 635 (Tex. Crim. App. 2002).  The Texas Court of Criminal Appeals granted review and determined that this court erred in reversing and remanding this cause for a new trial because there was nothing in the record to show that appellant was not aware of the consequences of his plea.  
Burnett
, 88 S.W.3d at 641.  The court of criminal appeals then remanded the cause for consideration of appellant’s remaining points of appeal.  
Id
. at 635.  Thus, we will address each in turn.

Failure to Admonish: Due Process

In his first point, appellant alleges that the trial court’s failure to admonish him on the range of punishment caused him to enter a guilty plea in violation of his due process rights.  The State responds that this omission did not violate appellant’s due process rights.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial.  
Boykin v. Alabama
, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); 
see also
 
Malloy v. Hogan
, 378 U.S. 1, 6, 84 S. Ct. 1489, 1492 (1964) (privilege against compulsory self-incrimination
);
 
Duncan v. Louisiana
, 391 U.S. 145, 154, 88 S. Ct. 1444, 1450 (1968)
 (right to trial by jury)
; 
Pointer v. Texas
, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068 (1965)
 (right to confront one's accusers).
  
Thus, the Supreme Court has held that a court cannot presume a waiver of these important federal rights from a silent record.  
Boykin
,
 
395 U.S. at 243, 89 S. Ct. at 1712
.
  

Furthermore, the court shall not accept a plea of guilty unless it is freely and voluntarily given.  
Tex. Code Crim. Proc. Ann
. art. 26.13(b).  Due process requires that each defendant who pleads guilty do so with a full understanding of the charges against him and the consequences of his plea.  
Basham v. State
, 608 S.W.2d 677, 678 (Tex. Crim. App. [Panel Op.] 1980); 
Burke v. State
, 80 S.W.3d 82, 93 (Tex. App.—Fort Worth 2002, no pet.) (op. on reh’g).  A guilty plea must be a voluntary and knowing act.  
Brady v. United States
, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970).  A guilty plea made by one fully aware of the plea’s consequences must stand unless it was induced by threats, misrepresentations, or improper promises.  
Id
. at 755, 90 S. Ct. at 1472.  Since a guilty plea is a waiver of trial, it must be an intelligent act “done with sufficient awareness of the relevant circumstances and likely consequences.”  
Id
. at 748, 90 S. Ct. at 1469.  

A plea is involuntary if it is made in ignorance of its consequences, including the length of any possible sentence.  
Cheely v. United States
, 535 F.2d 934, 935 (5th Cir. 1976).  The question is not whether the defendant learned of the penalty from the judge, in a formal proceeding, but whether he had knowledge as to the punishment range, whether from a judge, his lawyer, his bondsman, or from some other source.  
Id
.  The Texas Court of Criminal Appeals has held that “the Supreme Court’s requirement for the determination of voluntariness is the consideration of the entire record.  The review of the voluntariness of the guilty plea should not be based solely on questions and answers in the statement of facts, but on the record as a whole.”  
Williams v. State
, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  Furthermore, due process does not require a trial judge to enumerate every constitutional right that a defendant possesses and demand that the defendant note for the record his separate waiver of each.  
Breaux v. State
, 16 S.W.3d 854, 856 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).

Here, a review of the record establishes that appellant’s guilty plea was voluntary because it was not made in ignorance of its consequences, and he knew the possible length of his sentence.  Although the trial judge did not specifically admonish appellant as to the range of punishment attached to the offense, the record is replete with references to the punishment range.
(footnote: 1)  During voir dire, the State explicitly mentioned “life sentence” as the maximum punishment range for the offense a total of twelve times.  
See
 
Burnett
, 88 S.W.3d at 640-41. The State informed the panel that it planned on asking for a life sentence.  When defense counsel began his voir dire, he also mentioned the range of punishment.  At the close of the general voir dire examination, the judge had the panel escorted into the hallway and then some panel members were brought in individually for more questioning.  In the presence of both attorneys and appellant, the trial judge himself mentioned the range of punishment approximately twenty-five times.  
Id
. at 640.  

Furthermore, the trial court included the range of punishment in the court’s charge to the jury, which the judge read in the presence of appellant.  In cases where the defendant enters his plea before the jury and then goes to the jury for punishment, the defendant may withdraw his plea at any time before the jury retires to consider punishment.
  
McWherter v. State
, 571 S.W.2d 312, 313 (Tex. Crim. App. [Panel Op.] 1978); 
Abrego v. State
, 977 S.W.2d 835, 837 (Tex. App.—Fort Worth 1998, pet. ref’d).  Appellant did not attempt to withdraw his plea before the jury retired to consider his punishment.

The record also does not contain any evidence that appellant’s guilty plea was induced by threats, misrepresentations, or improper promises.  
See Brady
, 397 U.S. at 755, 90 S. Ct. at 1472.  During appellant’s hearing on guilt, the trial judge informed him that a jury was waiting, and he could plead not guilty and require the State to prove his guilt.  The judge asked him if he understood that he was giving up his right to confront and cross-examine witnesses and his right to testify or remain silent.  Appellant admitted that he was pleading guilty because he thought it was the best thing for him to do.  He also denied that anybody had promised him anything or coerced him in any way into pleading guilty and true to the charge.  
Appellant admitted that the State had made him a plea offer of twelve years’ confinement, but that he had refused the deal.  He wanted the jury to assess his punishment.

Thus, we cannot say that appellant’s guilty plea was not an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.  Likewise, based on the record, appellant’s plea was a voluntary and knowing act not in violation of his due process rights.  Therefore, we determine beyond a reasonable doubt that the error did not contribute to his conviction or punishment.  
See
 
Tex. R. App. P
. 44.2(a).  Appellant’s first point is overruled.

Failure to Admonish: Immigration Consequences

In his second point, appellant contends that the trial court’s failure to admonish him about the possible immigration consequences of his guilty plea violated his due process rights.  
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13 (a)(4). The State responds that since the record reflects that appellant is a United States citizen, the trial court’s error is harmless. 

Under article 26.13(a)(4), every defendant must be admonished in every case about the possible consequences of a guilty plea on his immigration status.  
Id
.; 
Matchett v. State
, 941 S.W.2d 922, 929 (Tex. Crim. App. 1996), 
cert. denied
, 521 U.S. 1107 (1997).  The court of criminal appeals has held that the trial court’s failure to admonish a defendant under article 26.13(a)(4) is harmless error when the record conclusively shows that the defendant is a United States citizen because “[i]t would be an absurd result—a result the Legislature could not possibly have intended . . . [when the] admonishment is legally inapplicable to him.”  
Matchett
, 941 S.W.2d at 930; 
see also
 
Cain v. State
, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)
; 
Mata v. State
, 1 S.W.3d 226, 228 (Tex. App.—Corpus Christi 1999, no pet.).

Here, the trial court clearly erred when it failed to give appellant his article 26.13(a)(4) admonishment because every defendant must receive it.  
See
 
Tex. Code Crim. Proc Ann
. art. 26.13(a)(4); 
Matchett
, 941 S.W.2d at 929.  However, the record indicates that appellant was born in Dallas, Texas. Because appellant is a United States citizen, the admonishment is legally inapplicable to him.  
See
 
Cain
, 947 S.W.2d at
 
264;
 Matchett
, 941 S.W.2d at 930;
  
Mata
, 1 S.W.3d at 228.  The court’s failure to provide appellant with the immaterial admonishment mandated under article 26.13(a)(4) could not have effected or contributed to his conviction or punishment.  
See Matchett
, 941 S.W.2d at 929.  Thus, we conclude that the error was harmless beyond a reasonable doubt.  
See
 
Tex. R. App. P
. 44.2(b).  Appellant’s second point is overruled.

Jury Instruction

In his fourth point, appellant contends that the trial court erred in failing to instruct the jury on the State’s burden to prove extraneous offenses and bad acts beyond a reasonable doubt.  The State responds that because appellant never contested his guilt of the extraneous offenses and his counsel conceded their truth in argument, appellant had nothing to gain from an instruction of “reasonable doubt” and nothing to lose from its absence.   

Extraneous offenses admitted at the guilt-innocence stage must be proved beyond a reasonable doubt, and the jury must be so instructed.  
George v. State
, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994).  The same is true at the punishment stage.  
Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a) (Vernon Supp. 2003); 
Mitchell v. State
, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality op.); 
Collins v. State
, 2 S.W.3d 432, 433 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d).  Therefore, we hold that the trial judge erred by not giving a reasonable doubt instruction at the punishment stage regarding the extraneous offenses.

Because appellant did not object at trial to the error in the court’s charge, however, we must decide whether the error was so egregious and created such harm that appellant did not receive a fair and impartial trial—in short, that “egregious harm” has occurred. 
 Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.  Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.  
Hutch
, 922 S.W.2d
 
at 171.

The State correctly relies on factual similarities in 
Collins v. State
 to conclude that appellant did not suffer egregious harm. 
 2 S.W.3d at 436.  In 
Collins
, the trial court failed to instruct the jury at the punishment stage that it could not consider extraneous offenses unless they were proved beyond a reasonable doubt.  
Id
. at 433.  The appellate court determined that since the extraneous offense evidence against him was strong, uncontradicted, and unimpeached, the lack of a reasonable doubt instruction was not egregiously harmful.  
Id
. at 436.  The court further noted that defense counsel virtually conceded to the truth of the offenses in his closing argument by saying that the jury heard a lot of “bad evidence and bad acts” and “[n]obody can mitigate any of that.”  
Id
. at 437.

Here, appellant’s facts are virtually identical.  The State introduced numerous extraneous offenses; however, appellant failed to contradict or impeach any of them.  In fact, appellant did not even cross-examine the State’s fingerprint expert who matched appellant’s prints to the extraneous offenses. Thus, the extraneous offense evidence against him was strong, uncontradicted, and unimpeached.  

Also as in 
Collins
, appellant’s attorney conceded the truth of the offenses in his closing argument.  He acknowledged that the jury had heard a lot of bad evidence by stating that “[d]uring the punishment phase of a trial, you can hear about the bad acts of the Defendant.  And you have heard about these, and there is a lot of them out there.  There is no doubt about that.”  He did not argue that the offenses were not true.  Thus, we cannot say that the impact of this argument would have been weakened by a reasonable doubt instruction.  
See id
.

Although the extraneous offense evidence was surely unfavorable to appellant, as all adverse evidence is, nothing suggests that a lack of a reasonable doubt instruction was egregiously harmful.  
See id.
 at 436.  Because appellant never contested his guilt of these extraneous offenses, he had nothing to gain from an instruction on reasonable doubt and nothing to lose from its absence.  Therefore, we overrule appellant’s fourth point.

Conclusion

Having overruled all of appellant’s remaining points on remand, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  April 24, 2003

FOOTNOTES
1:
The Texas Court of Criminal Appeals also noted the number of times the record reflected the punishment range when it addressed and overruled appellant’s article 26.13(a)(1) argument. 
 Burnett
, 88 S.W.3d at 639-41.