COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-141-CR
  
  
ROGER 
MERRITT THIELEMAN                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Roger Merritt Thieleman appeals from his conviction for aggravated assault with 
a deadly weapon.  Appellant pled not guilty, and a jury convicted him and 
assessed his punishment at life in prison. The trial court sentenced him 
accordingly.  In two points, Appellant contends that the trial court erred 
by giving the jury a reasonable doubt instruction during the guilt/innocence 
phase, and by denying Appellant’s request for a mistrial.  We affirm.
Factual and 
Procedural Background
        Because 
Appellant does not challenge the sufficiency of the evidence supporting his 
conviction, only a brief recitation of the facts is necessary. On April 9, 2001, 
two Fort Worth police officers patrolled an area known for drug activity.  
The officers saw activity in the Evans Food Mart parking lot that led them to 
suspect that a drug transaction had occurred.  They followed three vehicles 
exiting the parking lot that they believed were involved in the drug 
transaction.  As the officers approached one of the vehicles, they 
witnessed Appellant get out of the car, with a knife in his hand, and attack 
Wesley Davis.
        A 
jury convicted Appellant of aggravated assault with a deadly weapon, which was 
enhanced by two prior felony convictions.  The jury assessed Appellant’s 
punishment at life imprisonment.
Jury 
Instruction on Reasonable Doubt
        In 
his first point, Appellant contends that the trial court erred by giving the 
jury a reasonable doubt instruction at the guilt/innocence phase.  
Appellant specifically complains of the following portion of the trial court’s 
jury instruction: “It is not required that the prosecution prove guilt beyond 
all possible doubt; it is required that the prosecution’s proof excludes all 
‘reasonable doubt’ concerning the defendant’s guilt.”  Appellant 
argues that this instruction violates Paulson v. State, which states it 
is better practice not to provide a definition of reasonable doubt.  28 
S.W.3d 570, 573 (Tex. Crim. App. 2000).
        This 
court has reviewed this identical issue several times, in Vosberg v. State and 
its progeny, and ruled against Appellant’s position.  80 S.W.3d 320, 324 
(Tex. App.—Fort Worth 2002, pet. ref’d); see Best v. State, 118 
S.W.3d 857, 865 (Tex. App.—Fort Worth 2003, no pet.) (no error where same 
language included over objection); see also Blackburn v. State, No. 
2-02-158-CR, 2003 WL 22311253, at *1 (Tex. App.—Fort Worth Oct. 9, 2003, pet. 
ref’d) (not designated for publication) (same); Minor v. State, 91 
S.W.3d 824, 827-29 (Tex. App.—Fort Worth 2002, pet. ref’d) (same).  We 
reaffirm our decision in Vosberg. Point one is overruled.
Jury Misconduct
        In 
his second point, Appellant asserts the trial court abused its discretion in 
denying his motion for a mistrial based on jury misconduct, specifically, a 
juror sleeping during the trial.  We review a trial court’s ruling on a 
motion for mistrial under an abuse of discretion standard.  See Ladd 
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).
        Our 
review of the record reveals that the trial judge was unaware of which juror the 
defense counsel claimed was allegedly sleeping, or even whether the juror was 
actually asleep at all.  The only item before the trial court on the motion 
for mistrial was the statement of counsel.  Specifically, during the 
defense’s case, the following exchange took place outside the presence of the 
jury between the trial court and Appellant’s trial counsel:
  
[Appellant’s 
counsel]: Okay. Judge, we’d like to move for mistrial because there’s . . . 
a juror that has slept continuously throughout the trial.
 
THE 
COURT: All right. Is that all you have to offer on it?
 
[Appellant’s 
counsel]: On my motion for mistrial with the sleeping juror. It’s the lady 
that was seated in the third seat.
 
THE 
COURT: I don’t know who you’re talking about. They all sit in different 
places every time.
 
[Appellant’s 
counsel]: The young girl with the red blond hair.
 
THE 
COURT: All right. Overruled. All right. What else now?
 
[Appellant’s 
counsel]: That’s it for the record.
  
It 
is axiomatic that argument of counsel is not evidence. Mata v. State, 1 
S.W.3d 226, 228 (Tex. App.—Corpus Christi 1999, no pet.).  Appellant’s 
trial counsel’s statement that a juror was sleeping presents no evidence of 
the matter.  It was incumbent upon Appellant’s trial counsel to develop 
the record for the trial court in order to clarify which specific juror counsel 
was referencing, and to determine if that juror was sleeping.  The record 
reflects that no testimony was developed or requested on this point.  
Nothing further was proffered by Appellant; the name of the juror was not 
offered, nor was that juror or any other person who had been present in the 
courtroom called as a witness to determine whether the juror had been, in fact, 
asleep.
        We 
hold that Appellant’s second point was not properly preserved for appellate 
review.  See Tex. R. App. P. 
33.1(a); Tex. R. Evid. 103(b).  
Appellant’s second point is overruled.
        The 
trial court’s judgment is affirmed.
     

                                                                  PER 
CURIAM
    
    
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 30, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.