THIELEMAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-141-CR

ROGER MERRITT THIELEMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Roger Merritt Thieleman appeals from his conviction for aggravated assault with a deadly weapon.  Appellant pled not guilty, and a jury convicted him and assessed his punishment at life in prison.  The trial court sentenced him accordingly.  In two points, Appellant contends that the trial court erred by giving the jury a reasonable doubt instruction during the guilt/innocence phase, and by denying Appellant’s request for a mistrial.  We affirm. 

Factual and Procedural Background

Because Appellant does not challenge the sufficiency of the evidence supporting his conviction, only a brief recitation of the facts is necessary.  On April 9, 2001, two Fort Worth police officers patrolled an area known for drug activity.  The officers saw activity in the Evans Food Mart parking lot that led them to suspect that a drug transaction had occurred.  They followed three vehicles exiting the parking lot that they believed were involved in the drug transaction.  As the officers approached one of the vehicles, they witnessed Appellant get out of the car, with a knife in his hand, and attack Wesley Davis. 

A jury convicted Appellant of aggravated assault with a deadly weapon, which was enhanced by two prior felony convictions.  The jury assessed Appellant’s punishment at life imprisonment.

Jury Instruction on Reasonable Doubt 

In his first point, Appellant contends that the trial court erred by giving the jury a reasonable doubt instruction at the guilt/innocence phase.  Appellant specifically complains of the following portion of the trial court’s jury instruction:  “It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all ‘reasonable doubt’ concerning the defendant’s guilt.”  Appellant argues that this instruction violates 
Paulson v. State
, which states it is better practice not to provide a definition of reasonable doubt.  28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

This court has reviewed this identical issue several times, in 
Vosberg v. State 
and its progeny, and ruled against Appellant’s position.  80 S.W.3d 320, 324 (Tex. App.—Fort Worth 2002, pet. ref’d); 
see Best v. State
, 118 S.W.3d 857, 865 (Tex. App.—Fort Worth 2003, no pet.) (no error where same language included over objection); 
see also Blackburn v. State
, No. 2-02-158-CR, 2003 WL 22311253, at *1 (Tex. App.—Fort Worth Oct. 9, 2003, pet. ref’d) (not designated for publication) (same); 
Minor v. State
, 91 S.W.3d 824, 827-29 (Tex. App.—Fort Worth 2002, pet. ref’d) (same).  We reaffirm our decision in 
Vosberg
.  Point one is overruled. 

Jury Misconduct

In his second point, Appellant asserts the trial court abused its discretion in denying his motion for a mistrial based on jury misconduct, specifically, a juror sleeping during the trial.  We review a trial court’s ruling on a motion for mistrial under an abuse of discretion standard.  
See
 
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Our review of the record reveals that the trial judge was unaware of which juror the defense counsel claimed was allegedly sleeping, or even whether the juror was actually asleep at all.  The only item before the trial court on the motion for mistrial was the statement of counsel.  Specifically, during the defense’s case, the following exchange took place outside the presence of the jury between the trial court and Appellant’s trial counsel:

[Appellant’s counsel]:  Okay.  Judge, we’d like to move for mistrial because there’s . . . a juror that has slept continuously throughout the trial.

THE COURT:  All right.  Is that all you have to offer on it?

[Appellant’s counsel]:  On my motion for mistrial with the sleeping juror.  It’s the lady that was seated in the third seat.

THE COURT:  I don’t know who you’re talking about.  They all sit in different places every time.

[Appellant’s counsel]:  The young girl with the red blond hair.

THE COURT:  All right.  Overruled.  All right.  What else now?

[Appellant’s counsel]:  That’s it for the record.

It is axiomatic that argument of counsel is not evidence.  
Mata v. State
, 1 S.W.3d 226, 228 (Tex. App.—Corpus Christi 1999, no pet.).  Appellant’s trial counsel’s statement that a juror was sleeping presents no evidence of the matter.  It was incumbent upon Appellant’s trial counsel to develop the record for the trial court in order to clarify which specific juror counsel was referencing, and to determine if that juror was sleeping.  The record reflects that no testimony was developed or requested on this point.  Nothing further was proffered by Appellant; the name of the juror was not offered, nor was that juror or any other person who had been present in the courtroom called as a witness to determine whether the juror had been, in fact, asleep.

We hold that Appellant’s second point was not properly preserved for appellate review.  
See
 
Tex. R. App. P
.
 33.1(
a
); Tex. R. Evid. 
103(b).  Appellant’s second point is overruled. 

The trial court’s judgment is affirmed. 

PER CURIAM

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH   

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
S
ee
 Tex. R. App. P.
 47.4.