Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ALEJANDRO URESTE SALAZAR,              )                  No. 08-05-00184-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  83rd District Court
)
THE STATE OF TEXAS,                                   )                  of Pecos County, Texas
)
                                    Appellee.                          )                  (TC# 2614)

O P I N I O N

            Alejandro Ureste Salazar appeals his conviction of sexual assault of a child. After Appellant
entered a plea of guilty before the jury, the trial court conducted a unitary proceeding rather than a
bifurcated trial. Tex.Code Crim.Proc.Ann. art. 26.14 (Vernon 1989); see Frame v. State, 615
S.W.2d 766, 767 (Tex.Crim.App. 1981). The jury found Appellant guilty and assessed his
punishment at imprisonment for a term of ten years. We affirm.
FACTUAL SUMMARY
            Twenty-one-year-old Appellant and fifteen-year-old Tammy Chalk


 had been romantically
and sexually involved since Chalk was fourteen years of age. After Chalk’s mother discovered that
Appellant was a registered sex offender, she specifically asked Appellant to stop seeing her daughter. 
Chalk continued to see Appellant even though she denied the relationship when asked by her mother. 
On the evening of January 25, 2004, Appellant went to Chalk’s home and knocked on her bedroom
window. Chalk opened the window and allowed Appellant into the bedroom. They decided to have
sex on the floor so they would not wake anyone up. At about 6:30 a.m. the following morning,
Chalk’s mother discovered Appellant hiding beneath the bedcovers on the floor of her daughter’s
bedroom. She immediately called the police. 
            A grand jury returned a sexual assault indictment against Appellant. At trial, Appellant pled
guilty before the jury. The State introduced evidence that in August of 1997, Appellant had
committed burglary of a habitation with intent to commit sexual assault. Appellant, who was then
fourteen years of age, had choked the victim and sexually assaulted her. While the State’s petition
to adjudicate was pending, Appellant committed a second burglary of a habitation on April 6, 1998. 
An adjudication order was entered on June 3, 1998 and Appellant was placed on juvenile probation. 
Appellant violated the terms of probation by committing an assault against a woman on April 23,
1999. In that case, Appellant rubbed the victim’s buttocks with his hands while at a public
swimming pool. The juvenile court modified Appellant’s probation and sent him to the Kerr County
Detention Facility to participate in a sex offender program. Although Appellant had originally been
ordered to remain there for six months, he was required to stay for nine months as a result of
behavioral problems. Approximately one week after his release from the detention facility,
Appellant committed another assault against a woman while in a Wal-Mart by grabbing her by the
hips and rubbing his genitals against her. As a result of this offense, the juvenile court placed
Appellant on electronic monitoring. 
            Appellant testified at trial that he loved Chalk and wanted to marry her. He denied that
Chalk’s mother had ever told him to stay away from her daughter, but he knew that he should not
be around Chalk and he also knew her age. Appellant admitted that he had been adjudicated as a
juvenile for two burglary of a habitation offenses and he had committed assaults against women
while on juvenile probation Even though Appellant was probation eligible, the jury sentenced
Appellant to serve a ten-year term of imprisonment.
INEFFECTIVE ASSISTANCE
            In his sole issue, Appellant contends that he was denied the effective assistance of counsel
because trial counsel failed to conduct an adequate investigation to discover mitigating evidence,
particularly evidence to support Appellant’s defense that he and Chalk were “in love” and wanted
to marry. Additionally, he argues that trial counsel failed to call available witnesses at the
punishment stage to show his background, family history, and character, and to show that he would
be a successful probationer. 
Standard of Review
            The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
Under the second prong, the defendant must establish that counsel’s deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson,
877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that
but for counsel’s unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
Failure to make the required showing of deficient performance defeats the ineffectiveness claim. 
Jackson, 877 S.W.2d at 771.
            Appellant did not file a motion for new trial. An appellant challenging trial counsel’s
performance faces a difficult burden and “a substantial risk of failure.” See Thompson v. State, 9
S.W.3d 808, 813 (Tex.Crim.App. 1999). In the absence of a record demonstrating the basis for trial
counsel’s action or inaction, a defendant will rarely be able to rebut the presumption that counsel’s
action or inaction constituted reasonable trial strategy. See Thompson, 9 S.W.3d at 814.
            To support a claim of ineffective assistance for failure to investigate, an appellant must show
that he had a viable defense that his attorney failed to discover. Butler v. State, 716 S.W.2d 48, 55
(Tex.Crim.App. 1986); King v. State, 649 S.W.2d 42, 43 (Tex.Crim.App. 1983). Further, trial
counsel’s failure to call witnesses at the guilt/innocence and punishment stages is irrelevant absent
a showing that the witnesses were available and the appellant would benefit from their testimony.
See Wilkerson v. State, 726 S.W.2d 542, 550-51 (Tex.Crim.App. 1986); King, 649 S.W.2d at 44.
The State of the Record
            Regarding Appellant’s complaint that counsel failed to investigate and discover mitigating
evidence, there is nothing in the record to show the extent of counsel’s investigation or that this
mitigating evidence exists. Appellant speculates that “it is highly probable that defense counsel
could have discovered at least one witness to corroborate Appellant’s testimony” regarding his
relationship with Chalk. This type of unfounded allegation will not support a claim of ineffective
assistance of counsel. See Thompson, 9 S.W.3d at 813-14; Hawkins v. State, 660 S.W.2d 65, 75
(Tex.Crim.App. 1983).
            Appellant also contends that counsel’s performance was deficient because he failed to
investigate or present evidence of Appellant’s background, character, and family history. He
particularly faults counsel for failing to call his parents to testify on his behalf or to call any
witnesses to testify that he would be a successful probationer. Again, there is no evidence supporting
Appellant’s assertion that his attorney failed to investigate these matters. Further, the record does
not reflect the specific nature of the background and character evidence or how it would have
benefitted Appellant. Likewise, there is no evidence indicating the substance of his parents’
testimony. With respect to these contentions, we find that Appellant has failed to carry his burden
under Strickland. See Mata v. State, 1 S.W.3d 226, 228 (Tex.App.--Corpus Christi 1999, no
pet.)(where record silent regarding counsel’s investigation, appellant’s ineffective assistance of
counsel claim failed); White v. State, 999 S.W.2d 895, 900 (Tex.App.--Amarillo 1999, pet.
ref’d)(allegation that counsel failed to fully acquaint himself with the circumstances of the case and
history of appellant was mere speculation since the record did not depict the extent, if any, of
counsel’s investigation and preparation).
            Appellant also claims that counsel should have called his bondsman, Salvador Salazar, to
testify at trial. Salazar, who is unrelated to Appellant, testified in a pretrial hearing in opposition to
an effort by the State to increase Appellant’s bond after Chalk had run away from home and had been
missing for approximately two months.


 Appellant had maintained almost daily contact with
Salazar, who had appeared at all but one of Appellant’s pretrial hearings. He had arrived late for a
prior hearing when his car broke down while returning from Odessa. It also came to light during this
hearing that Chalk had written a letter to Appellant after she ran away. Appellant had taken the letter
to Salazar the previous afternoon and Salazar had turned it over to Appellant’s attorney. 
            Appellant argues that counsel could have used Salazar’s testimony to show that Appellant
had obeyed the rules while out on bond and would have been a good candidate for probation. We
note that Appellant was represented by a different attorney at the time of the hearing on the State’s
motion to reduce bond, and there is no evidence that trial counsel had been made aware of Salazar’s
testimony. Even assuming that counsel was aware of this testimony, the record does not contain any
evidence regarding counsel’s strategy for not calling Salazar to testify. Although we are not required
to speculate about counsel’s trial strategy, the record reflects that counsel, through cross-examination
of Appellant’s juvenile probation officer, established that while Appellant had not been an ideal
probationer, he had obeyed many of the conditions of probation. Counsel could have determined
that the bondsman’s testimony regarding his compliance with the bond requirements would have
added little to the evidence already before the jury regarding Appellant’s ability to comply with the
terms and conditions of probation. Appellant has not rebutted the presumption that counsel’s failure
to call Salazar as a witness constituted reasonable trial strategy. We overrule Issue One and affirm
the judgment of the trial court.

August 29, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)