NO.  07-10-0298-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
E

 

                                                           FEBRUARY
24, 2011

                                            ______________________________

 

 

                       RODNEY
LAMAR TANNER a/k/a ROBERT LAMAR TANNER,

 

                                                                                                                        Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                                        Appellee

                                            ______________________________

 

                     FROM THE 396TH DISTRICT
COURT OF TARRANT COUNTY;

 

                         NO. 1158160D; HON.
GEORGE GALLAGHER, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before QUINN, C.J., CAMPBELL, J., and BOYD.
S.J.[1]

            Appellant appeals his conviction for
assault causing bodily injury to a family member, a third degree felony.   He challenges the sufficiency of the
evidence elevating the conviction to a felony from a misdemeanor.  That is, he does not dispute that he
committed misdemeanor assault.  Instead,
he believes the State failed to prove that he committed a prior assault
involving family violence, and that was a condition precedent to his being
convicted of felony assault.  We agree,
sustain his issue and reverse and remand the cause.

Background

Appellant was indicted for assaulting a family member, which
conviction was enhanced to a felony due to a purported prior conviction for
assaulting a family member.   Yet, the
judgment evincing the prior conviction said nothing about the assault having
been made upon or having involved a family member.   Nor did anyone so testify.  Instead, the State tendered into evidence the
purported plea agreement entered into by appellant resulting in the prior
conviction.  And, that document indicated
that appellant had been “charged” with “assault – BI – FM.”  Nevertheless, no one testified what was meant
by “BI – FM.”  Instead, the prosecution
simply argued during its closing that the initials alluded to or somehow meant
“family violence.”  

Issue
– Sufficiency

            Although appellant has challenged
both the legal and factual sufficiency of the evidence, we conduct a review
only to determine whether a rational trier of fact
could have found the elements of the crime beyond a reasonable doubt.  Brooks v. State,
323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  So, we will simply consider whether the
evidence was legally sufficient to support the conviction.

            Furthermore, a person commits assault
if he “intentionally, knowingly, or recklessly causes bodily injury to another,
including the person's spouse.”  Tex. Penal Code Ann. §22.01(a)(1) (Vernon Supp. Pamp.
2010).  Such an “offense  . . . is a felony of the third degree if the
offense is committed against . . . a person whose relationship to or
association with the defendant is described by Section 71.0021(b), 71.003, or
71.005, Family Code, if : it is shown on the trial of the offense that the
defendant has been previously convicted of an offense . . . against a person
whose relationship to or association with the defendant is described by Section
71.0021(b), 71.003, or 71.005, Family Code.” 
Id.
§22.01(b)(2)(A).   

In the case at bar, appellant contends that the State failed
to prove that he had once before been convicted of family violence.  This is so because the judgment of the prior
conviction failed to “name the assaulted person . . . or what relationship-if
any-the person” had to appellant. 
Furthermore, the initials “FM” were never explained during trial and the
State’s closing argument regarding their meaning is not evidence.  We agree.

Article
42.013 of the Texas Code of Criminal Procedure requires that a “court shall
make an affirmative finding of [the] fact [that the offense involved family
violence] and enter the affirmative finding in the judgment of the case.”  Tex. Code Crim. Proc. Ann. art.
42.013 (Vernon
2006).  However, the Court of
Criminal Appeals found that even though “[i]t is certainly the better practice
for trial courts to make and enter the required family violence finding in
appropriate cases” since it “avoids the need for extrinsic evidence and the
possible complications attendant to its introduction,”  the absence of the finding in a “judgment of
conviction for a previous assault does not in itself preclude the introduction
of extrinsic evidence that the previous assault was committed against a family
member.”  State v. Eakins, 71
S.W.3d 443, 445 (Tex. Crim. App. 2002).   

Examples
of the types of extrinsic evidence that have been found sufficient to support a
finding that the defendant was convicted of a prior crime involving family
violence include 1) testimony from the victim of the prior assault, Salazar v. State, No.
01-04-1190-CR, 2005 Tex. App. Lexis
9600, at *9 (Tex. App.–Houston
[1st Dist.] November 17, 2005, pet. ref’d) (not designated for
publication); Manuel v.
State, No. 01-04-0282-CR, 2005 Tex. App. Lexis 3502, at *11-12 (Tex. App.–Houston [1st Dist.] May 5, 2005, pet. ref’d) (not
designated for publication), 2) the admittance of copies of the complaint,
information, waiver of rights, judgment and docket sheet which all include
information that the assault had been perpetrated on a family member, Vaughn v. State,
No. 06-06-0040-CR, 2007 Tex. App. Lexis
3608, at *6-7 (Tex. App.–Texarkana
May 11, 2007, no pet.) (not designated for
publication), 3) the defendant’s judicial confession, Ledet v. State,
No. 14-04-0739-CR,  2006 Tex. App. Lexis 1556, at *5-6 (Tex. App.–Houston
[14th Dist.] February 28, 2006, pet. ref’d) (not designated for publication) (holding that
appellant’s judicial confession constituted extrinsic evidence, and it clearly
showed the conviction was for assault on a family member) and 4) testimony from
a witness to the assault or from the arresting officer.  See
Salguero v. State,
No. 0101-508-CR, 2002 Tex. App. Lexis
9104, at *4 (Tex. App.–Houston
[1st Dist.] December 19, 2002, pet. ref’d) (not designated for
publication) (holding that an example of extrinsic evidence that may be
introduced is testimony of a witness to the family assault); see also Collesano
v. State, No. 01-01-0984-CR, 2002 Tex. App. Lexis
6559, at *6 (Tex. App.–Houston
[1st Dist.] August 29, 2002, pet. ref’d) (not designated for
publication) (holding that a stipulation between the parties as to the
testimony of the arresting officer was sufficient extrinsic evidence).  We have none of these examples in the case
before us.  Nor does the prosecution’s argument
during closing fill the void since such comments are not evidence.  Mata v.
State, 1 S.W.3d 226, 228 (Tex. App.–Corpus
Christi 1999, no pet.).  Furthermore, no
explanation in the form of evidence was ever given to the jury regarding the
meaning of those two letters.  Therefore,
we find that the initials “FM” on a plea document fails to satisfy the State’s
burden to prove beyond a reasonable doubt that appellant was convicted of a
prior offense involving family violence.

Accordingly,
we sustain appellant’s issue and reverse the judgment of the trial court and
remand the cause for the entry of a reformed judgment of conviction of a
misdemeanor offense and for assessment of an appropriate punishment.  See
Crawford v. State, No. 12-05-00293-CR, 2006 Tex. App. Lexis 6520, at *11 (Tex. App.–Tyler July 26, 2006, no pet.) (wherein the court reversed the trial court’s judgment and
remanded the case back to that court to enter a judgment reflecting a
misdemeanor assault conviction and for assessment of the appropriate punishment
when the State failed to prove that the prior conviction for assault involved
family violence).

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

Publish.

 

                                                                        

 











[1]John T. Boyd, Senior
Justice, sitting by assignment.








2.0pt'> 

                                                                                         Appellant                   

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 249TH DISTRICT COURT OF JOHNSON
COUNTY;

 

NO. F42536; HONORABLE D. WAYNE
BRIDEWELL, PRESIDING

 



 

Opinion

 



 

Before  QUINN, C.J.,
and CAMPBELL and HANCOCK, JJ.

            We have
before us a rather novel question posed by Donald Earl Collins.  After the State succeeded in having his
community supervision or probation revoked, he asked the trial court to grant
him credit on his ten-year prison sentence equal to the time he sat in prison
while serving a different sentence.  The
trial court granted him some relief but not all that he sought.  We affirm the judgment.

            

Background

            The circumstances before us involve two
distinct driving while intoxicated offenses for which appellant was prosecuted
simultaneously.  One resulted in his
conviction and imprisonment (Conviction A). 
The other resulted in his conviction and probation (Conviction B).  The two sentences were then ordered to run
concurrently.  As a condition of
appellant’s probation, he was required to particate in a substance abuse
program.  While serving his prison
sentence for Conviction A, the State sent appellant to the program in question.  He refused to participate in it.  Instead, he, as opposed to the State, moved
to have his probation revoked.  Nothing
transpired with regard to his motion, though. 
Several months later, the State filed its own motion, which was heard by
the trial court.   That resulted in the revocation of appellant’s
probation and sentence to prison for Conviction B.  Before sentencing, though, appellant asked
the court to credit him with time spent serving Conviction A.  The trial court refused that as well as his
request for credit for the period beginning from the time he moved to revoke
his own probation.  The trial court did
grant him credit, though, from the time the State filed its motion.  

            Jail Time Credit        

            Simply put,
appellant wants his Conviction B sentence to be credited for time spent serving
his Conviction A sentence.  At most, the
period contemplated should begin either at the time he began serving his
Conviction A sentence or at the time he moved to revoke his probation.  Because both issues before us are premised on
that contention, we consider them together. 


            It is true
that a defendant normally is entitled to credit for the time he spends confined
while awaiting the adjudication of a motion to revoke.  Ex
parte Bates, 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998).  Yet, seldom, if ever, is it the defendant that
seeks to have his probation terminated. 
The desire to end probation usually is that of the State.  But, whether it is the State or the defendant
that moves for revocation is unimportant to our resolution of this appeal.  This is so because a condition precedent to
the validity of either argument is non-existent, that condition being
compliance with art. 42.03 §2(a) of the Texas Code of Criminal Procedure.  

            Through art.
42.03 §2(a), the legislature directed that in all criminal cases, “the judge of
the court in which the defendant is convicted shall give the defendant credit
on the defendant’s sentence for the time that the defendant has spent . . . in
jail for the case, other than
confinement served as a condition of community supervision, from the time of
his arrest and confinement until his sentence by the trial court . . . .”  Tex.
Code Crim. Proc. Ann. art. 42.03 §2(a)(1) (Vernon Supp. 2009) (emphasis
added).  As can be seen, the plain
wording of the provision mandates that the defendant receive credit for the
time spent jailed before his conviction. 
But, of import is the phrase “for the case” appearing in the statute.  From its location in the edict, the credit at
issue relates not just to any time the defendant spent incarcerated before
conviction.  Rather, it is the time one
is incarcerated for the case in which he is ultimately tried and convicted.  See
Martinez v. State, No. 13-04-0085-CR, 2005 Tex. App. Lexis 6000 at *8 (Tex. App.– Corpus
Christi July 28, 2005, no pet.) (not designated for publication) (stating that
the trial court must award credit for time served in the same offense and not
time spent serving a sentence in an independent cause).  

            According to
the record before us, appellant was not jailed for the crime underlying
Conviction B prior to the time the trial court revoked his probation.  Indeed, his plea bargain excluded that since
he was granted probation; that is, he was not supposed to go to jail for having
committed that offense.  Instead, his imprisonment
arose from the sentence levied in response to Conviction A.  Consequently, the circumstances at issue do
not fit those contemplated by art. 42.03 §2(a)(1).  And, because of that, it matters not who
filed the motion to revoke.[1]

Appellant’s issues are overruled, and the judgment
of the trial court is affirmed.  

             

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

            

Publish.











[1]As
for those complaints founded upon due process, they were not preserved since
they were not made below.  See Gonzalez v. State, 301 S.W.3d 393, 400-01 (Tex. App.–El Paso 2009, no pet.) (requiring an appellant to preserve his due process
complaints for appeal by asserting them at trial).